IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ELH 21 0161 |
| | * | |
| MATTHEW K. WALSH, | * | |
| Defendant. | * | |
| | * | |

**********

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
### FOR REVOCATION OR AMENDMENT OF A DETENTION ORDER

The United States, through its undersigned attorneys, respectfully requests that the Court deny defendant's Motion for Revocation of Detention Order (ECF 18) in this matter, pursuant to 18 U.S.C. § 3142, and in support thereof states as follows:

1. On May 12, 2021, the Grand Jury for the United States District Court for the District of Maryland returned a six count Indictment charging defendant with Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a), (e) (Counts One and Two); Coercion and Enticement in violation of 18 U.S.C. §§ 2422(b), 2427 (Counts Three and Four); and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) (Counts Five and Six). The first two counts carry a 15-year mandatory minimum period of incarceration, with a 30-year maximum; the next two counts carry a 10-year mandatory minimum of incarceration, with a maximum of life in prison; and the last two counts carry a 5-year mandatory minimum period of incarceration, with a 20-year maximum term. All six counts carry a presumption in favor detention under 18 U.S.C. § 3142(e)(3)(E). As the Court found at the initial detention hearing, the presumption has not been overcome. The motion should be denied.

2. As charged in the Indictment, and detailed in an extensive proffer at the detention hearing on May 24, 2021, the Defendant posed as a female to lure minor males into taking sexually provocative images and videos of themselves, and then used those same images and videos to extort additional images and videos that were more sexually graphic. The Defendant had done this to approximately two dozen minor males between the ages of 12 and 17, many of whom live in Baltimore City and Baltimore County. Further aggravating this offense conduct, the Defendant sold the images he obtained for money on the internet. Many of the victims were emotionally distraught to learn the truth and that their images may have been further disseminated.

3. In the Court's Order of Detention (ECF 13), Magistrate Judge Coulson noted the Defendant failed to rebut the presumption as to danger, and specifically noted a concern for community safety. Magistrate Judge Coulson also noted:

   a. Presumption for crimes involving minors.
   b. Recommendation of Pre-Trial Services.
   c. Nature of offense: allegations involve at least 25 minor victims, deceit and blackmail.
   d. Additionally, Defendant alleged to have sold child pornography involving someof the victims.
   e. Strength of Proffer: extensive computer and other ….
   f. Activity went undetected at proposed residence by proposed third party custodian.

4. Defendant's motion does not present any new or additional facts that have a material bearing on the issue of detention. When the Court ordered detention, it was only after consideration of all relevant options and concerns.

5. One of those concerns was the defendant's continued access to the internet, which the Court pointed out is nearly impossible to prevent, especially in an urban setting where wi-fi signals are ubiquitous. The fact that the defendant engaged in an extensive course of

2

      conduct at the same residence while living with the proposed third-party custodian is also of little comfort, as the Court specifically noted in the detention order. The defendant's proposal at ¶ 5 does not adequately address this concern, especially when so many of the victims, who have clearly expressed fear of the defendant, live in the same vicinity.

6. The defendant cited to an evaluation at ¶ 6, but the government has not been provided this report and highly doubts that it constituted a full psycho-sexual examination.

7. And the defendant cited to various health concerns at ¶ 7, but those concerns should be managed by the staff at the Chesapeake Detention Facility.

8. Defendant has not presented any information that could reasonably cause the Court to reconsider its Order of Detention in accordance with 18 U.S.C. § 3142(f) under 18 U.S.C. § 3145.

For these reasons, the government respectfully requests that the Court deny the defendant's request for a detention hearing and request to be released pending trial.

                                            Respectfully submitted,

                                            Jonathan F. Lenzner
                                            Acting United States Attorney

                By:       /s/
                              Judson T. Mihok
                              Assistant United States Attorney

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. ELH 21 0161** |
| | * | |
| **MATTHEW K. WALSH,** | * | |
| Defendant. | * | |
| | * | |

**********

### ORDER

Upon consideration of the defendant's Motion for Revocation of Detention Order and the government's response thereto, the Court finds that the defendant's motion does not present any additional evidence bearing on the issue of detention since the time of the original Order of Detention, and that the defendant poses a risk of safety to the community. The Court holds that the instant motion holds no merit and that a hearing on this motion is unnecessary.

THEREFORE, IT IS HEREBY ORDERED, this _____ day of July, 2021, that pursuant to 18 U.S.C. §§ 3142, 3145, the defendant's motion is DENIED; and it is further ORDERED, that the defendant is to remain detained pending trial.

 

_____
The Honorable J. Mark Coulson
United States Magistrate Judge