IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Case No.: 1:21-cr-00161-ELH-1 |
| Matthew K. Walsh | * | |
| | * | |

MEMORANDUM AND ORDER

On May 12, 2021, Defendant was charged by indictment with two counts of production of child pornography, two counts of coercion and enticement, and two counts of receipt of child pornography, all relating to two minor victims. (ECF No. 1.)

On May 25, 2021, this Court held a detention hearing and found by clear and convincing evidence that Defendant posed a danger to community safety and that there were no conditions or combination of conditions that could reasonably assure community safety. (ECF No. 13.) In reaching that decision, the Court noted that each of the counts carried a presumption of detention, that it was the position of Pretrial Services to recommend detention, that the nature of the offense (involving the victimization of children) was serious and significant, and that the Government's proffer included strong forensic computer evidence. *Id.* Moreover, the Government proffered that at least two dozen additional minors were allegedly victimized by Defendant in the Greater Baltimore area, and that, in addition to blackmailing victims into providing more pornographic images of themselves, Defendant also allegedly sold some of those images to others through the internet. *Id.*

The Court had particular concerns that the alleged crimes occurred over the internet, given the difficulty in detecting and controlling for such activity with release conditions. In short, internet access in the Baltimore metropolitan area is ubiquitous, as are internet capable

devices. As some proof of this, the Court noted that the activity in question went completely undetected by the proposed third-party custodians at the proposed residence. The Court expressed doubt (shared by Pretrial Services) that any conditions could effectively control for such access by Defendant, a sophisticated internet user, even with the cooperation of all others in the proposed residence.

On July 7, 2021, Defendant moved to revoke or amend this Court's previous order of detention pursuant to 18 U.S.C. 3145(b). (ECF No. 18.) In support, Defendant argues that the proposed third-party custodian and other occupants of the residence would agree to give up all internet access (including their router), decreasing the risk that Defendant could commit similar alleged offenses using the internet. *Id*. at 2. Defendant also asserts that mental health testing results judged him to be at low risk to re-offend. *Id*. Finally, Defendant argues that his physical and mental health issues put him at risk should he remain in detention because of the challenges of delivering care in such a facility. *Id*. at 3.

For its part, the Government argues that Defendant has not presented any new facts that would justify a revocation of this Court's previous order of detention. (ECF No. 20.)

Defendant's arguments regarding the ability to restrict his access to the internet are similar to those made at the detention hearing. While the steps he outlines might curtail internet usage through the household internet connection or the current personal devices of its occupants, Defendant would still have the ability to secure a myriad of internet-capable devices whereby he could pursue alternative connections to the internet through community WIFI connections, neighboring properties, etc. Although there could be cases where the charged activity was so limited as to provide the Court reasonable assurance that the proposed steps could adequately assure the safety of the community, Defendant's alleged activities involved at least two dozen child-victims, produced a plethora of child pornography that was then used to

re-victimize the children through blackmail and distribution on the internet, where some of those images will likely continue to be redistributed.

Similarly, as alleged, Defendant's activity involved deception, coercion and displayed that he was impervious to the pleas of his victims. Under such circumstances, the Court is not comfortable relying on assessments based on information provided, in part, by Defendant himself that claim he is at low risk to re-offend.

As for Defendant's physical and mental health concerns, the Bail Reform Act focuses the Court's pretrial detention inquiry on two issues: (1) a defendant's risk of nonappearance; and (2) the danger that the defendant's release would pose to other individuals. *Id.* at § 3142(f). Congress then specified the criteria that this Court must weigh when assessing those two issues. *See* 18 U.S.C. § 3142(g). As this Court has previously observed, none of those factors refers specifically to whether the conditions of detention threaten the defendant's well-being given his health status. *United States v. Gallagher*, 19-479-SAG (ECF No. 34; 5/22/20); *United States v. Thompson*, 2020 WL 2839095 (D.Md.; June 1, 2020).

As noted in *Thompson*, *supra*, at *2, a defendant's health can nonetheless be relevant to a § 3142(g) assessment as it relates to assessing his propensity to appear and/or potentially harm others or might alternatively support temporary release under Section 3142(i) under appropriate circumstances. *See, e.g., United States v. Creek*, 19-036-CCB (ECF No. 421; May 1, 2020) (granting temporary release from the D.C. Jail complex due to defendant's underlying health conditions). In the former, physical condition is weighed along with the other 3142(g) factors as they relate to risk of nonappearance and danger a defendant's release would pose to the community. In the latter, the burden is on a defendant to show that those health concerns are "compelling," outweigh the other 3142(g) factors, and that the defendant's release does not, in turn, pose an

increased health risk to the community.  *See, e.g., United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)

     Under the traditional 3142(g) analysis, the Court does not find that Defendant's physical or mental health conditions alter its previous analysis. These conditions are long standing, and did not act to curb Defendant's alleged actions towards the minor victims in this case, nor would they be expected to do so should he be released.

     As for 3142(i), this Court ordered production of Defendant's medical records from Chesapeake Detention Facility and has reviewed those records both as to the mental health concerns raised in the instant motion, and the physical health concerns.  (ECF No. 21.) Suffice it to say that those records demonstrate to the Court that both issues are being adequately addressed by the providers at Chesapeake Detention Facility, where Defendant is receiving regular assessments of both, and appropriate medication.  While it is no doubt true that the care provided at a detention facility (which must be balanced against security concerns) does not always replicate the quality of care received in the community, this Court concludes that in this case, Defendant's concerns are being adequately addressed such that those conditions do not outweigh the other 3142(g) factors so as to justify temporary release.

     The Court is obviously aware of Defendant's relatively young age, prior mental health history and lack of prior criminal history, all of which might support release on strict conditions. The Court, however, must weigh these factors against the other criteria of the Bail Reform Act, which favor detention, in this Judge's opinion.  Defendant is reminded, however, of his ability to appeal this decision and seek *de novo* review from Judge Hollander, the U.S. District Judge assigned to this case.

 7/21/2021
Date

J. Mark Coulson
United States Magistrate Judge

