IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | |
| MATTHEW K. WALSH, | * | Case No. 1:21-cr-00161 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER

### INTRODUCTION

COMES NOW, the Defendant, Matthew K. Walsh, by and through his attorneys, James E. Crawford, Jr., Esquire, and the Law Offices of James E. Crawford, Jr. & Associates, LLC, pursuant to 18 U.S.C. § 3145(b), respectfully moves this Court to review the Order of Detention entered on May 24, 2021 (ECF No. 13) and upheld on July 21, 2021 (ECF No. 23) by United States Magistrate Judge J. Mark Coulson, and further requests that this Court grant the Defendant's release on home detention with electronic monitoring pending trial in this matter. This Court has the authority to hear this matter pursuant to 18 U.S.C. § 3145(b), as where "a person is ordered detained by a magistrate, … the person may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." Further, precedent in this Circuit holds that "[a] defendant ordered detained by a magistrate may seek *de novo* review in the district court." *United States v. Clark*, 865 F.2d 1433 (4th Cir. 1989). As demonstrated in the Defendant's Motion for Revocation of Detention Order filed with Magistrate Judge Coulson on July 7, 2021 (ECF No. 18) and further supported herein, conditions exist that can reasonably assure the safety of the community if the

Defendant is released pending trial. The Defendant further requests an expedited hearing to be set on this matter before a United States District Court Judge for the District of Maryland pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, as motions under § 3145(b) "shall be determined promptly."

## STATEMENT OF THE CASE

On May 12, 2021, the Defendant was charged by criminal indictment with Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a), (e); Coercion and Enticement in violation of 18 U.S.C. §§ 2422(b), 2427; and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) (ECF No. 1). On May 14, 2021, the Defendant appeared for his initial appearance and was detained pending a detention hearing. On May 24, 2021, the Defendant appeared for his detention hearing before United States Magistrate Judge J. Mark Coulson. Magistrate Judge Coulson issued a detention order, stating, *inter alia*, that although the Defendant does not present a risk of flight, he does pose a risk of harm to the community at large and no conditions can alleviate this risk (ECF No. 13). On July 7, 2021, the Defendant filed a Motion for Revocation of Detention Order with Magistrate Judge Coulson setting forth not only the exceptional circumstances warranting the Defendant's pretrial release in this matter but also enumerating the conditions this Court could impose which would reasonably assure the safety of the community if the Defendant were released pending trial in this matter (ECF No. 18). The Defendant respectfully requests that the Court consider his Motion for Revocation of Detention Order previously filed with Magistrate Judge Coulson, attached as **Exhibit A**, to be incorporated into this Motion by reference. With the instant Motion, the Defendant further proposes additional conditions to substantially supplement those previously articulated in his Motion for Revocation of Detention Order previously filed with Magistrate Judge Coulson.

**STANDARD OF REVIEW**

A defendant's motion for revocation or amendment of a United States magistrate judge's detention order under 18 U.S.C. § 3145(b) is reviewed by the district court under a *de novo* standard. *See United States v. Clark*, 865 F.3d 1433, 1436 (4th Cir. 1989). Acting under this standard, this Court "must make an *independent* determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (emphasis added).

**ARGUMENT**

**I.     This Court Has the Ability to Impose Pretrial Release Conditions that Would Reasonably Assure the Safety of the Public**

In his May 24, 2021 Order of Detention (ECF No. 13), Magistrate Judge Coulson found, *inter alia*, that because the offenses charged under 18 U.S.C. §§ 2251(a), 2422(b), 2252A(a)(2) allegedly involve minors, a rebuttable presumption arises under 18 U.S.C § 3142(e)(3)(E) that no condition or combination of conditions will reasonably assure the safety of the public if the Defendant is released. The Defendant contends that, under the combination of conditions articulated below, namely, home detention with electronic monitoring and no access to the internet, the safety of the public can be assured thus rebutting the presumption of pretrial detention.

In his July 7, 2021 Motion for Revocation of Detention Order, the Defendant argued that the safety of the public can be assured through his having no access to the internet while on pretrial release to home detention on electronic monitoring (ECF No. 18). In his July 21, 2021 Memorandum and Order, Magistrate Judge Coulson expressed skepticism that it would be possible to completely restrict the Defendant's access to the internet due to its ubiquitous presence in the Baltimore metropolitan area, even under the further condition that the Defendant's family members would also remove all internet-enabled devices from their home, including their wifi

3

router (ECF No. 23). Because devices which interfere with radio reception—i.e. "wifi jammers"—are prohibited in the United States under 47 U.S.C. § 302a, the Defendant's family has begun to take steps to secure alternative means to assure that the Defendant would have no access to the internet if he were released on pretrial supervision. Specifically, the Defendant's family will rent a home for the Defendant to reside in an isolated area outside of the city, wherein the Defendant will be completely devoid of access to internet-enabled devices. Further, this Court can be assured that if the Defendant is placed on home detention in this isolated residence with electronic monitoring, that he will not be able to physically leave the premises to obtain an internet-enabled device. Under these conditions, this Court can therefore be assured that the safety of the public can be secured if the Defendant is granted pretrial release on home detention with electronic monitoring.

## II. Exceptional Circumstances Exist in this Case Warranting the Defendant's Release Pending Trial

As demonstrated *supra* in Part I, conditions can be imposed by this Court that would reasonably assure the safety of the public if the Defendant were to be released pending trial, thus rebutting the presumption of detention in this matter. As those conditions have been established, the Defendant now compels this Court to consider the further exceptional circumstances warranting his release. Pursuant to 18 U.S.C. § 3142(i), this Court may release the Defendant "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." Further, 18 U.S.C. § 3145(c) provides an additional mechanism for release, under which the Defendant "(1) must demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others; and (2) clearly show that there are 'exceptional reasons' justifying his release." *United States v. Attia*, No. 19-CR-193-PWG, 1010 U.S. Dist. LEXIS 89687 (D. Md. May 21, 2020) (citing *United States v.*

4

*Ashley*, No. RDB-06-0034, 2020 U.S. Dist. LEXIS 60533, at *3 (D. Md. Apr. 6, 2020)). Specifically, the Defendant suffers from a significant and life-threatening medical condition, the risk of which has been repeatedly exacerbated by the detention center's inability to consistently or correctly provide the Defendant with his medication.

On a daily basis for weeks on end, the Defendant's life has been placed in immediate danger due to the detention center's inability or refusal to properly provide him with his medication. Specifically, the Defendant is diagnosed with hypertrophic cardiomyopathy and a bicuspid aortic valve, conditions which can lead to blood clots, stroke, and sudden fatal heart failure. The Defendant is prescribed 50mg of the beta blocker Metoprolol Succinate ER to maintain the regular functionality of his heart, which cannot be stopped abruptly or have a dosage skipped without a weaning period at risk of significant heart failure. Upon information and belief, since the Defendant was detained on May 14, 2021, his heart medication prescription, dosage, and schedule have been altered or foregone completely by the detention center on a consistent basis, thus placing him at the risk of death or irreparable injury. Further, upon information and belief, the Defendant has suffered two significant heart episodes in the last week alone, during which he experienced severe chest pains and pain in his left arm. Based upon these facts it does not appear that the detention center is capable of ensuring the Defendant's continued health or safety, further supporting the compelling and exceptional reasons that he should be granted release.

The Due Process Clause of the Fifth Amendment to the United States Constitution also compels the Defendant's release in this matter. This Court has articulated that "the Due Process Clause of the Fifth [] Amendment[] … may well be implicated if defendants awaiting trial can demonstrate that they are being subjected to conditions of confinement that would subject them to

exposure to serious … illness." *United States v. Martin*, 447 F. Supp. 3d, 401-02 (D. Md. 2020).

The U.S. Supreme Court has also weighed in on this issue, directing:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Bell v. Wolfish,* 441 U.S. 520, 535-36 (1979). Based upon the information supplied above, it is clear that the Defendant has demonstrated that he is being subjected to conditions of confinement that subject him to risk of serious illness and potential death, thus patently amounting to punishment prior to any adjudication of guilt in his case.

## CONCLUSION

Based upon the foregoing, it is clear that this Court can implement conditions of pretrial release that would reasonably assure the safety of the public if the Defendant were released prior to trial. Namely, the Court can order that the Defendant be placed on home detention with electronic monitoring, subject to the conditions that he reside in an isolated residence without access to any internet-enabled devices, and that he has no access whatsoever to the internet. Further, this Court is compelled to release the Defendant on these conditions based upon the exceptional and compelling circumstances present in this case—specifically, the Defendant's repeated risk of severe injury or death if he remains detained.

**WHEREFORE**, the Defendant, Matthew K. Walsh, respectfully requests that this Honorable Court grant the instant motion and order a revocation of the detention order and release the Defendant pending trial.

Respectfully submitted,

/s/ .
JAMES E. CRAWFORD, JR., ESQUIRE
JAMES E. CRAWFORD, JR. &
ASSOCIATES, LLC
999 Corporate Boulevard
Suite 100
Linthicum, Maryland 21090
Telephone: (443) 709-9999
Facsimile: (443) 919-4207
Email:  james@jamescrawfordlaw.com
MD CPF Number: 9306230068
Bar No. 22436
Attorney for Defendant

## REQUEST FOR A HEARING

Pursuant to Rule 105-6 of the Local Rules of the United States District Court for the District of Maryland, a hearing before a District Court Judge is requested on the Defendant's Motion.

/s/ .
JAMES E. CRAWFORD, JR., ESQUIRE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of August, 2021, I filed an electronic copy of the foregoing Motion to For Reconsideration of Detention Order by CM/ECF which caused a copy to be transmitted to all parties, including the assigned Assistant United States Attorney at the United States Attorney's Office of the District of Maryland.

/s/ .
JAMES E. CRAWFORD, JR., ESQUIRE