IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **CRIMINAL NO. ELH 21 0161** |
| v. | : | |
| | | |
| **MATTHEW K. WALSH,** | : | |
| **Defendant.** | | |

## SECOND JOINT MOTION TOLLING TIME UNDER THE SPEEDY TRIAL ACT AND MOTION FOR CONTINUANCE UNDER 18 U.S.C. § 3161(h)

Comes now the United States of America, by and through undersigned counsel, and the Defendant, Matthew K. Walsh, by and through his attorney, and jointly move for an Order excluding time under the Speedy Trial Act in the above-captioned matter from August 13, 2021, to November 16, 2021. As grounds therefore, the Government does state:

1. On or about May 14, 2021, the Defendant had his initial appearance on an Indictment charging him with Sexual Exploitation of a Minor under 18 U.S.C. § 2251(a) (Counts 1 and 2), Coercion and Enticement under 18 U.S.C. § 2422(b) (Counts 3 and 4), and Possession of Child Pornography under 18 U.S.C. § 2252A(a)(2) (Counts 5 and 6).

2. On May 20, 2021, the Defendant had his detention hearing, and thereafter an order of detention was entered. The Defendant had his arraignment on June 11, 2021.

3. The initial speedy trial date was July 26, 2021. 18 U.S.C. § 3161(c)(1).   On June 24, 2021, based on a joint motion filed by the parties, this Court entered an Order excluding speedy trial from May 14, 2021 through August 13, 2021.   ECF 17.

4. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the

1

defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  A specifically enumerated factor to consider when weighing a request to exclude time under 18 U.S.C. § 3161(h)(7)(A) is, "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

5. Based on the foregoing, the parties submit that the interests of the defendant and of the public in a trial within the 70 non-excludable days usually set by the Speedy Trial Act are outweighed by the ends of justice served by the order which presently sets a conference call two weeks prior to the speedy trial date.  The continuance is a reasonable one and the proffered grounds (discovery review, adequate trial preparation) outweigh the best interests of the public and the defendants in a trial within an absolute 70 days (less applicable exclusions).  Failure to do so would likely result in a miscarriage of justice.  It is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by 18 U.S.C. § 3161(c)(1). Even if the Court determines that the case is not so complex, the failure to grant a continuance would reasonably deny the defendant or the government the continuity of counsel or would deny the parties the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

4. For the foregoing reasons, the parties jointly request the following: The Speedy

[THIS SPACE INTENTIONALLY LEFT BLANK]

Trial clock should be tolled from August 13, 2021 through November 16, 2021.

                Respectfully submitted,

                Jonathan F. Lenzner
                Acting United States Attorney

                By: _____
                Judson T. Mihok
                Assistant United States Attorney
                United States Attorney's Office
                for the District of Maryland
                36 S. Charles Street, 4th Floor
                Baltimore, Maryland 21201

For the Defendant:

_____
James Crawford, Esq.